UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAURA JEAN JOE-CRUZ,

        Plaintiff,

vs.                                                        Case No. _____

UNITED STATES OF AMERICA,

        Defendant.

COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, LAURA JEAN JOE-CRUZ ("Plaintiff"), by counsel, for her Complaint against the Defendant, UNITED STATES OF AMERICA, states as follows:

INTRODUCTION

1. This is an action against the Defendant UNITED STATES OF AMERICA under the Federal Tort Claims Act, (28 U.S.C. §2671 *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence and professional malpractice in connection with medical care provided to Plaintiff by the Acoma-Canoncito-Laguna Service Unit.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671 *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1*.

4. This suit has been timely filed in that Plaintiff timely served notice of her claim on the United States Department of Health and Human Services and the Office of the General Counsel less than two years after the incident forming the basis of this suit.

## PARTIES, JURISDICTION AND VENUE

5. Plaintiff is, and at all times relevant hereto was, a resident of Bernalillo County, New Mexico.

6. Defendant UNITED STATES OF AMERICA operates the Acoma-Canoncito-Laguna Service Unit located in Cibola County, New Mexico.

7. Defendant UNITED STATES OF AMERICA, including its directors, officers, operators, administrators, employees, agents and staff at the Acoma-Canoncito-Laguna Service Unit are hereinafter collectively referred to as "CHC."

8. At all times relevant to this Complaint, the CHC held itself out to Plaintiff as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like Plaintiff.

9. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts and/or omissions of its employees and agents under the doctrine of *respondeat superior*.

10. Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

11. Venue is proper under 28 U.S.C. §1402(b) in that all of the acts and omissions forming the basis of these claims occurred in the District of New Mexico.

## FACTUAL ALLEGATIONS

12. On or about January 9, 2014, in the middle of the flu season, Plaintiff, a 46 year-old Navajo woman, presented to the CHC with a two-day history of worsening symptoms that included fever, body aches and cough.

13. Plaintiff's reported 48 hours of symptoms should have alerted the CHC providers of influenza; in addition to data that Native American individuals have a significant increased rate of mortality due to complications from influenza.

14. Plaintiff met the criteria of an individual determined to be at high risk to incur influenza related complications by merit of her medical history, which includes chronic pulmonary issues (asthma) and obesity.

15. On or about January 9, 2014, Plaintiff was discharged from the CHC with instructions to take Tylenol and increase her fluid intake despite her report of worsening flu symptoms for 48 hours, her medical history and having not received a flu vaccine since 2006.

16. On or about January 10, 2014, with escalating difficulty to draw a breath, weakness and incessant fever, Plaintiff returned to CHC.

17. Plaintiff was evaluated by Donita Sue Demontiney, PA-C, who confirmed Plaintiff's subjective complaints of increased shortness of breath, fever and weakness. Donita Sue Demontiney, PA-C refilled her asthma inhaler prescription and noted in the record, "ill appearing," yellow pulmonary expectorate and bilateral wheezing and rhonchi. Plaintiff was discharged with instructions that she "…did not have medicine that would improve her condition overnight…she is to rest, take plenty of fluids and taker her inhalers as directed."

18. Donita Sue Demontiney, PA-C ordered Azithromycin for noted presumptive bronchitis; a flu swab was ordered and no flu shot was administered.

19. On or about January 13, 2014, Plaintiff was transported by ambulance to the Emergency Department at Presbyterian Hospital in Albuquerque, New Mexico. Records noted severe respiratory compromise, fever, nausea with emesis, and diarrhea. Plaintiff was in acute respiratory failure and fulminant septic shock. Plaintiff also was confirmed with H1N1 influenza.

20. Plaintiff required immediate endotracheal intubation and ventilator support. She had succumb to secondary bacterial pneumonia remained critically ill. Plaintiff required high doses of life sustaining drug therapies for three (3) weeks. At the time of her discharge on or about February 28, 2014, Plaintiff was unable to walk without assistance due to her post-critical illness related debility.

21. As a result of the CHC's negligence, Plaintiff endured significant physical and emotional distress, pain and trauma, loss of income and loss of income earning capacity.

## CAUSES OF ACTION

### COUNT I – NEGLIGENCE

22. Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

23. Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that Defendant presented to the community at large.

24. At all times relevant to this Complaint, Defendant had a duty to hire competent staff in order to meet its standards of quality of care of its patients, including Plaintiff. Defendant knew, or should have known, that Donita Sue Demontiney, PA-C was not competent in a manner necessary to provide a level of care for Plaintiff that met all applicable legal

requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise that Defendant presented to the community at large.

25. Defendant breached its duty to Plaintiff as a result of the negligence of Donita Sue Demontiney, PA-C and other employees of the CHC by failing to comply with appropriate medical and nursing standards of care.

26. Defendant breached its duty by negligently reviewing, credentialing, and employing Donita Sue Demontiney, PA-C and in continuing to grant privileges to her, thereby allowing this individual acting as an apparent agent or employee of Defendant and to render care to patients at the CHC.

27. As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious personal injuries in and about her body; she has incurred medical expenses and other damages, and will continue to incur medical expenses, and other damages in the future; she was forced to endure pain, suffering, mental and emotional anguish; she has suffered loss of enjoyment of life; and she has lost wages and lost future earning capacity.

28. The acts and/or omissions set forth above constitute a claim under the laws of the State of New Mexico.

29. Defendant is liable to Plaintiff.

## COUNT II – SPOLIATION OF EVIDENCE

30. Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

31. Plaintiff requested medical records from CHC for Plaintiff's treatment on four (4) separate occasions where Plaintiff specifically requested records for treatment beginning January 1, 2014 through January 31, 2014.

32. Defendant's response to requests for records included a "Total Appointment Profile" which clearly indicates Plaintiff having been treated at CHC on both January 7, 2014 and January 9, 2014.

33. The medical records produced by Defendant lacked the specific dates of service requested by failing to produce records from January 7, 2014 and January 9, 2014.

34. Plaintiff sent multiple follow up requests and telephone calls were made to the CHC Medical Records Manager (Anne Spencer), as well as medical records personnel (Lena Yarber).

35. After persistent and numerous requests, Anne Spencer consented to and signed a Custodian of Records/Affidavit indicating that there were "…no documents, records or other materials or images."

36. Upon information and belief, the records of January 4, 2014 and January 9, 2014 are missing and/or destroyed.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks all damages to which she may be entitled, and prays that judgment be entered in her favor and against Defendant as follows:

1. Medical expenses, lost wages and future lost earning capacity, pain and suffering, future impairment, and loss of enjoyment of life totaling $2,600,000.00; and

2. Costs and attorney's fees incurred in this action, together with such further and additional relief at law or in equity that this Court may deem proper.

Respectfully submitted,

**KEN WAGNER LAW, P.A.**

*Electronically Filed via CM/ECF*

By: /s/ *Kenneth R. Wagner*
    Kenneth R. Wagner, Esq.
    Michael Allison, Esq.
    P.O. Box 25167
    Albuquerque, NM  87125
    505.242.6300
    505.242.0790 (facsimile)

*Attorneys for Plaintiff*