IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAURA JEAN JOE-CRUZ,

    Plaintiff,

v.                                                          No. 1:16-cv-00258 JCH-WPL

UNITED STATES OF AMERICA,

    Defendant.

**PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S EXPERT, GEORGE A. DIAZ, UNDER FEDERAL RULE OF EVIDENCE 702**

The Plaintiff moves this Court to exclude opinions offered by the Defendant's expert, Dr. George A. Diaz, under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The issues in this medical malpractice case concern breach of standard of care in the emergency medicine context. As an infectious disease expert, Dr. Diaz is not qualified to render opinions as to these issues. Accordingly, this Court should exclude his opinions from consideration.

Concurrence of this motion was sought from opposing counsel and counsel does not concur.

**INTRODUCTION**

In January, 2014, the Plaintiff, Laura Joe-Cruz, presented to the Acoma-Canoncito-Laguna Service Unit (hereinafter "CHC"), Urgent Care, with a two-day history of worsening respiratory and flu-like symptoms. She was discharged with instructions to take Tylenol and increase fluid intake.

1

On January 10, 2014, with escalating difficulty in drawing breath, weakness, and fever, Ms. Joe-Cruz returned to CHC, where she was evaluated by Donita Sue Demontiney, PA-C. Ms. Demontiney confirmed Ms. Joe-Cruz's complaints, refilled her asthma inhaler prescription, and noted in the record, "ill-appearing," yellow pulmonary expectorate and bilateral wheezing and rhonchi. Again, Ms. Joe-Cruz was discharged with instructions that since they "…did not have medicine that would improve her condition overnight…she [was to rest, take plenty of fluids and take her inhalers as directed." Doc. 77-1 at 8.

At no time on January 10, 2014 did any medical doctor sign off on Ms. Joe-Cruz's care. PA Demontiney was the only health care provider who treated her that day, despite her worsening symptoms, which Demontiney noted. Further, at no time in January, 2014, did PA Demontiney, or any other CHC health care provider order a flu shot. A flu-swab was ordered and administered to Ms. Joe-Cruz which was negative.

Subsequently, on January 13, 2014, an ambulance rushed Ms. Joe-Cruz to the Emergency Department at Presbyterian Hospital in Albuquerque, where she was diagnosed with, among other things, acute respiratory failure and fulminant septic shock. *Id*. at 9. She required three weeks of hospital care, on life-sustaining medications, and upon release was unable to walk due to post-critical illness debility which required her to stay in an outpatient rehabilitation facility for over two weeks. *Id*. at 13.

Ms. Joe-Cruz brought suit against the Defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq*.) and 28 U.S.C. §1346(b)(1), for negligence and professional malpractice in connection with medical care provided to her by the CHC.

The Defendant has retained Dr. George A. Diaz to testify as an expert in this matter. As

can be seen from his CV, Dr. Diaz is a specialist in infectious diseases. While he may be qualified in that capacity, his CV shows no experience in emergency medicine. Therefore, pursuant to Fed.R.Evid. 702 and *Daubert v. Merrell Dow,* he is not qualified to offer opinions as to the issues in this case, which concern emergency medicine. As such, this Court should exclude his opinions.

## ARGUMENT

**POINT I: APPLICABLE LAW:**

Although the extent of the United States' liability under the FTCA is generally determined by reference to state law (*see, Molzof v. United States*, 502 U.S. 301, 305, 112 S.Ct. 711, 116 L.Ed.2d 731 (1992); 28 U.S.C. § 2674), the admissibility of evidence is generally governed by federal law. *See, e.g. Franklin v. United States*, Civ. No. 12-1167 KBM/CG (D.N.M. Feb. 18, 2014) (memorandum opinion and order) (In FTCA medical malpractice case, analyzing expert qualifications under Fed.R.Evid. 702 and *Daubert v. Merrell Dow*). Therefore, in order to determine whether Dr. Diaz is qualified to opine in this case, this Court must look to federal law.[1]

**POINT II: RULE 702 AND *DAUBERT***

Fed.R.Evid. 702 provides that if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto

---

1 This Court may note that New Mexico state law also supports exclusion of Dr. Diaz's opinions, on grounds of lack of qualification. *See, e.g. Lopez v. Reddy,* 2005 -NMCA- 54, 137 N.M. 554 (excluding plaintiff's expert testimony on grounds that, since he lacked expertise in surgical techniques, he was not qualified under NMRA 11-702 to offer an opinion as to biopsy surgeries); *cf. Holzem v. Presbyterian Healthcare Services*, 2013 -NMCA- 100, 311 P.3d 1198 (2013) (determining that expert had experience in administering Tamiflu, and therefore was qualified to opine as to the issues in the case).

in the form of an opinion or otherwise. *See,* Fed.R.Evid. 702; *Tingey v. Radionics*, 193 Fed.Appx. 747 (10th Cir. 2006); *Franklin v. United States*, Civ. No. 12-1167 KBM/CG; *Russell Upky v. Wayne Lindsey, M.D.*, CIV 13-0553 JB/GBW (D.N.M. Jun. 3, 2015) *citing, Gardner v. Gen. Motors Corp.*, 507 F.2d 525, 528 (10th Cir. 1974).

"Since the Supreme Court of the United States decided *Daubert v. Merrell Dow Pharmaceuticals, Inc*. (509 U.S. 579), trial courts have had the responsibility to make certain that proffered experts will assist the jury in understanding the evidence and in determining the factual issues it must decide." *United States v. Gutierrez-Castro*, 805 F.Supp.2d 1218, 1224 (D.N.M. 2011). Rule 702 and *Daubert* require the district court to ensure that any and all scientific testimony or evidence is not only relevant, but reliable. *See, Russell Upky,* CIV 13-0553 JB/GBW. This obligation involves a two-part inquiry: first the court must determine if the expert's proffered testimony has a reliable basis in the knowledge and experience of his or her discipline, and second, the district court must further inquire into whether proposed testimony is sufficiently relevant to the task at hand." (internal citations and quotes omitted) *Id.*

With respect to the first element—reliability—a witness's qualifications are an insufficient foundation, by themselves, to admit expert testimony, but appropriate qualifications are a threshold requirement which, if not met, requires exclusion of expert opinions. *See, Basanti v. Metcalf*, 35 F.Supp.3d 1337, 1343 (D. Col. 2014), *citing Graves v. Mazda Motor Corp.*, 675 F.Supp.2d 1082, 1093 (W.D. Okla. 2009) ("[T]he expert's qualifications must be both (i) adequate in a general, qualitative sense (i.e., 'knowledge, skill, experience, training or education' as required by Rule 702) and (ii) specific to the matters he proposes to address as an expert"). In other words, "merely possessing a medical degree is not sufficient to permit a physician to testify

4

concerning any medical-related issue." *Basanti,* 35 F.Supp.2d at 1343, *citing, In re Cessna 208 Series Aircraft Products Liability Litigation*, 2009 WL 3756980, at *13 (D. Kan. Nov. 9, 2009) ("Where alleged expertise with regard to other aspects of a field gives a proffered expert no special insight into the issues of the case, such alleged expertise does not qualify the witness as an expert").

For example, in *Alexander v. Smith & Nephew, P.L.C.*, 98 F.Supp.2d 1276 (D. Okla. 2000), a products liability case, the Court held that the plaintiff's proposed medical expert was not qualified to give an opinion. The case concerned a back implant, which the plaintiff asserted had aggravated existing injuries and caused others. While the medical expert had extensive experience in emergency medicine, he had virtually none in the issues which concerned the case—orthopedics, spinal surgery and fusion, and neurology. *Id.* at 1281-2. The Court stated: "[t]he simple possession of a medical degree is insufficient to qualify a physician to testify as to the advantages of a spinal fixation device, the medical causation of spine-related ailments, or the mechanical functioning of an orthopedic implantation device." *Id.* at 1281. It excluded his testimony. *Id.*

Similarly, in *Basanti,* the issue requiring expert testimony concerned whether a lack of a trained medical interpreter would have affected the diagnosis and treatment of the plaintiff's condition—a congenital cyst on the thoracic spine which resulted in paraplegia of her lower extremities. *See, Id.* at 1340-41. The plaintiff called, as an expert, a pediatrician who had no experience in diagnosing spinal cysts in adults, but had done some general research into language-based errors in medical interpretation cases. *See, Id.* at 1343-44. The Court found that, "although Dr. Flores' research findings may be sufficient to establish general causation, Dr.

5

Flores lacks the qualifications to determine whether any failure to use a qualified medical interpreter caused plaintiff's specific injuries." *Id.* at 1343. It excluded his opinions on causation. *Id.* at 1343-45. The Court also excluded his opinion as to standard of care as irrelevant, given that causation could not be established. *See, Id.* at 1346-47; *see also, Franklin,* Civ. 12-1167 KBM/CG (in FTCA action for medical negligence, limiting expert's testimony on Rule 702 grounds as expert was only qualified to testify to a narrow issue).

Here, Dr. Diaz, an infectious disease specialist, purports to opine as to the issues in this case, which concern emergency medicine. This Court may note that emergency medicine is considered its own medical specialty. *See, Cleveland ex rel. Cleveland v. United States*, 457 F.3d 397 (5th Cir. 2006). As stated above, Dr. Diaz's CV does not show that he has any experience in emergency medicine. Almost all of his experience, including his publications, are within the specialty of infectious diseases. In addition, he designates himself, in his expert report, as an "Expert Witness in Infectious Diseases." *See, Expert Report, p. 1, attached as* **Exhibit 1**.

However, the actions which gave rise to this litigation occurred in the Urgent Care context. Ms. Joe-Cruz went to CHC several times in January, 2014 with increasing respiratory symptoms. Within two days of her last visit, she was flown to the Emergency Room at Presbyterian Hospital in severe respiratory failure. The issues, as framed by the complaint, concern whether her treatment at CHC in January, 2014 breached the standards of *emergency medicine,* by, among other things, failing to hire and train competent personnel, and negligently employing Donita Sue Demontiney PA-C. Dr. Diaz may be qualified to offer opinions as to infectious disease, but he is not qualified to opine as to whether CHC met or breached the standard of emergency medical care relating to the framed issues herein. *See, e.g. Alexander*, 98

F.Supp.2d 1276; *Basanti*, 35 F.Supp.3d 1337; *see also, Lopez v. Reddy,* 2005 -NMCA- 54 (In New Mexico Court of Appeals, excluding plaintiff's expert testimony on grounds that, since he lacked expertise in surgical techniques, he was not qualified under NMRA 11-702 to offer an opinion as to biopsy surgeries).

Since he does not meet the threshold requirement of adequate qualifications to opine on the specific medical issues herein, Dr. Diaz's opinions are not reliable under Rule 702 and *Daubert v. Merrell Dow.* Therefore, this Court must exclude his opinions and testimony from consideration in this case. *See, Basanti*, 35 F.Supp.3d at 1343; *Graves*, 675 F.Supp.2d at 1093; *In re Cessna,* 2009 WL 3756980, at *13; *Alexander*, 98 F.Supp.2d at 1281; *cf. Franklin,* Civ. No. 12-1167 KBM/CG.

## CONCLUSION

For all the foregoing reasons, this Court should exclude the opinions of Dr. George A. Diaz, the Defendant's infectious medicine expert, on the grounds that pursuant to Rule 702 and *Daubert v. Merrell Dow,* he is not qualified to opine as to the issues in this case which concern emergency medical care, and grant such other and further relief as this Court deems just and proper.

Dated this **3rd** day of July, 2017.

Respectfully submitted,

*Electronically Filed*

**KEN WAGNER LAW, P.A.**
By:/s/ *Kenneth R. Wagner*
    Kenneth R. Wagner, Esq.
    P.O. Box 25167
    Albuquerque, NM  87125
    505.242.6300
    505.242.0790 (facsimile)
    *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on **July 3, 2017**, I filed the foregoing pleading electronically through the CM/ECF system which caused the following counsel of record to be served by electronic means as more fully reflected on the Notice of Electronic Filing as follows:

Assistant United States Attorneys
Erin E. Langenwalter, Esq.
Christopher F. Jeu, Esq.
Assistant United States Attorney
P.O. Box 607
(505) 346-7274 (Telephone)
(505) 346-7205 (Facsimile)
Erin.Langenwalter@usdoj.gov
Christopher.Jeu@usdoj.gov
*Attorney for Defendant*


*/s/ Kenneth R. Wagner*
Kenneth R. Wagner, Esq.