# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LAURA JEAN JOE-CRUZ,

    Plaintiff,

v.                                                           CV 16-258 JCH/WPL

UNITED STATES OF AMERICA,

    Defendant.

**ORDER GRANTING MOTION TO TAKE RULE 30(b)(6) DEPOSITION**

Plaintiff Laura Joe-Cruz filed a motion to take a Rule 30(b)(6) deposition outside the discovery deadline. (Doc. 73.) Because discovery closed on July 3, 2017, I expedited briefing. (Doc. 74.) Having reviewed the response (Doc. 77) and the reply (Doc. 78), I grant the motion to take a Rule 30(b)(6) deposition, as limited and explained herein.

The problem arose on June 22, 2017, after Joe-Cruz deposed a supervising physician, Dr. Kileen, who no longer works for the United States. (*See* Doc. 73.) According to Joe-Cruz, Dr. Kileen no longer had access to requested documentation "regarding the supervision and oversight of Donita Sue Demontiney, PA-C with respect to the care provided to Plaintiff." (*Id.* at 2.) Joe-Cruz claims that had she known Dr. Kileen no longer worked for the United States and would not have access to the requested documentation, she would have made alternative discovery requests or timely scheduled a Rule 30(b)(6) deposition.

Joe-Cruz now seeks "the 30(b)(6) deposition of the appropriate person who can testify to"

    1. All protocols or policies in place in January 2014 regarding the supervisory obligations of a physician with respect to physician's assistants in the employ of ACL and all other Indian Health Services facilities.

> 2. All documents outlining the Quality Assurance Requirements for review of medical services provided by the Physician Assistant pursuant to 16.10.15.12(B) NMAC 2015 and § 61-6-10 NMSA 1978.
>
> 3. All documents, regulations, policies and procedures outlining the responsibility as a supervising physician pursuant to 16.10.15.12(A)(2) NMAC 2015.
>
> 4. Any and all medical records where you reviewed and/or signed with respect to Donita Sue Demontiney, PA-C's treatment of Laura Jean Joe-Cruz from December 2013 through December 2014.

(Doc. 73 Ex. 1 at 1.)

The United States argues that the information Joe-Cruz now seeks is not relevant to any claims that are or could be before the Court; that Joe-Cruz has failed to exhaust her administrative remedies with respect to a negligent hiring, credentialing, or supervision claim; and that any such claim, if it had been exhausted, would be barred by the discretionary function doctrine.

Joe-Cruz essentially seeks to modify the scheduling order to be able to take one deposition outside the discovery period. Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." The Tenth Circuit has identified several factors for courts to consider when deciding whether to reopen discovery, including:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990) (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)).

As to the first factor, trial is slated to begin on October 23, 2017. (Doc. 32.) There is no concrete rule used to determine whether trial is "imminent." In this case, I note that there are two motions pending for resolution by the trial judge (Docs. 52 and 79), and it does not appear that either side has submitted a proposed pretrial order. Given that trial is three and a half months away, I find that trial is not "imminent" and this factor weighs in favor of a limited reopening of discovery. However, the request to reopen discovery is opposed by the United States. While this would normally counsel against reopening discovery, the United States recently requested and was granted leave to depose an expert after discovery terminated. (Doc. 81.) The second factor is therefore neutral with regard to reopening discovery.

The United States contends that it would be prejudiced if this motion is granted because the "proposed 30(b)(6) deposition purports to open a Pandora's box of discovery which could potentially lead to additional written and deposition discovery, substantive motion practice, and identification of additional lay and expert witnesses," and because "preparation for the deposition itself would require significant time and attention by counsel." (Doc. 77 at 6.)

The United States does not explain how the requested Rule 30(b)(6) deposition would "open a Pandora's box of discovery," would result in further substantive motion practice, or would necessitate additional experts. Indeed, it appears that the request is relatively tailored. While I agree that gathering documents and preparing for an additional deposition will take time and effort, that time and effort is a standard cost of litigation and cannot be considered true prejudice. The United States has not been blindsided by this request. Thus, I conclude that this factor weighs in favor of granting the request.

The remaining three factors represent the bulk of the parties' disagreement. As to the sixth factor, whether the requested discovery is likely to lead to relevant evidence, I find that it

will. The United States contends that the requested information could only speak to a claim for negligent hiring, credentialing, or supervision, and that such a claim cannot be brought before the Court because Joe-Cruz failed to administratively exhaust that claim. I disagree. Joe-Cruz is not bringing a new claim by seeking discovery, but rather seeks to prove the negligence claim included in the Amended Complaint (*see* Doc. 27 at 4-5).

In her claim submitted to the agency, Joe-Cruz detailed facts alleging that she was denied appropriate care and specifically alleged that "[d]ue to the clinical negligence of healthcare providers at Canoncito Health Center an obviously hypoxic patient with sentinel symptoms of influenza and multiple predisposing high risk factors to incur complications was discharged to her home located in a rural setting." (Doc. 77 Ex. 1 at 5.) I agree with Joe-Cruz that the discovery she seeks speaks to facts and claims squarely presented to the United States. With that in mind, however, should Joe-Cruz attempt to exceed the bounds of her claim or complaint, that is an issue for the presiding judge.

The United States's contention as to the applicability of the discretionary function doctrine is equally inapposite. The discovery at issue concerns whether and how the Canoncito Health Center complied with New Mexico state law, that is, "enforcement or administration of a mandatory duty at the operational level," not discretionary decisions involving "judgment, planning, or policy decisions." *See Miller v. United States*, 710 F.2d 656, 663 (10th Cir. 1983) (clarifying the limits of the discretionary doctrine).

I find that this factor weighs in favor of reopening discovery.

Finally, the fourth and fifth considerations—the moving party's diligence in obtaining discovery within the prescribed guidelines and the foreseeability of the need for additional discovery in light of the established discovery guidelines—go hand-in-hand. The United States

claims that Joe-Cruz has not been diligent with regard to this discovery request because none of her discovery requests up to this point have "centered on the topics" now identified as necessary. (Doc. 77 at 6.) The United States also contends that Joe-Cruz never inquired as to Dr. Kileen's employment status, and she easily could have done so through interrogatories.

While Joe-Cruz has been accommodating to the United States's repeated requests for the extension of discovery deadlines, that does not bear on Joe-Cruz's diligence or the foreseeability of this additional discovery. Joe-Cruz could have inquired as to Dr. Kileen's employment status earlier in discovery, rather than assuming that he would have access to the requested documents. Joe-Cruz also could have set a Rule 30(b)(6) deposition on these topics, rather than relying on Dr. Kileen. I find that these factors weigh against granting the motion to reopen discovery.

While some of the considerations weigh against granting Joe-Cruz's request, I find that the weight of the analysis counsels in favor of reopening discovery and that Joe-Cruz has indeed shown good cause to reopen discovery. Joe-Cruz may notice and take a Rule 30(b)(6) deposition, limited to the topics presented in Joe-Cruz's counsel's letter to the United States dated June 22, 2017 (Doc. 73 Ex. 1). The deposition must take place no later than August 18, 2017, and is limited to two hours.

Any outstanding issues related to admissibility or relevance must be raised before the presiding judge.

    IT IS SO ORDERED.

                                                           _____
                                                            William P. Lynch
                                                          United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.